UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GRACE N. CONRAD TRUST, et al.,

       Petitioners,                              FILE NO. 1:05-CV-462

v.                                             HON. ROBERT HOLMES BELL

JAMES J. MORRISON, et al.,

       Respondents.
_____/

## ORDER OF REMAND

This is an action to confirm an arbitration award arising out of the purchase of viatical contracts. After learning that the contracts would not be paid, Petitioners and others filed an application to arbitrate before the National Association of Securities Dealers naming several defendants. One of those defendants, who is not the respondent in this action, refused to arbitrate and filed an action in this Court seeking a declaratory ruling that the claims were not arbitrable. The Court ordered the parties to arbitration. *See USAllianz v. Southern Michigan Bancorp, Inc.*, Nos. 1:03-CV-369, 1:03-CV-370 (W.D. Mich. Oct. 20, 2003) (Bell, C.J.). The parties proceeded to arbitration where, on February 10, 2005, the panel issued an award to Petitioners.

On February 14, 2005, Petitioners filed a Petition to Confirm Arbitration in the Branch County Circuit Court. On February 28, 2005, Respondents filed a notice of removal to the Eastern District of Michigan, which eventually was accepted by the Clerk of the Eastern

District on March 14, 2005. With the notice of removal, Respondents also filed a petition to vacate the arbitration award. Promptly thereafter, on March 29, 2005, Petitioners filed a motion to remand to the state court. Respondents filed a response on May 6, 2005, and Petitioners filed a reply on May 13, 2005. On July 1, 2005, the Eastern District of Michigan issued an order transferring the case to this Court.

Thereafter, Petitioners filed a renewed motion to remand, which, for all practical purposes, reiterates their first motion and includes no additional arguments. Both motions to remand (docket ## 6, 21) presently are before the Court. For the reasons that follow, the motion is granted and the case is remanded to the Branch County Circuit Court.

Removal jurisdiction exists only where a federal district court would have had original jurisdiction over a claim. *See* 28 U.S.C. § 1441(a); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). District courts have original federal question jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.[1] A case arises under the federal law when an issue of federal law appears on the face of a well-pleaded complaint. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). Under the well-pleaded complaint rule, a case does not ordinarily arise under federal law if the federal issue initially appears as a defense. *Franchise Tax Board v. Constr. Laborers*

---

[1] District Courts also have jurisdiction over civil actions in which "the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States . . . ." Respondent does assert diversity jurisdiction and the facts do not support such jurisdiction.

*Vacation Trust*, 463 U.S. 1, 8 (1983); *Collins v. Blue Cross Blue Shield of Mich.*, 103 F.3d 35, 36 (1996).

Respondents contend that this Court has subject matter jurisdiction over both Petitioners' motion to confirm the arbitration and Respondents' motion to vacate the arbitration under section 10 of the Federal Arbitration Act, 9 U.S.C. §109.  Respondents also contend that the Court has jurisdiction because the claims in the underlying arbitration included alleged violations of the 1933 Securities Act and the 1934 Securities Act, claims arising under federal law.

"It is well established that the Federal Arbitration Act does not create any independent federal question jurisdiction." *Amer. Fed. of Television and Radio Artists*, 164 F.3d 1004, 1007 (6th Cir. 1999) (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp. v. WJBK-TV*, 460 U.S. 1, 25 n.32 (1983) (The FAA creates "a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate, yet it does not create any independent federal-question jurisdiction under 28 U.S.C. § 1331 . . . or otherwise."). In addition, the Sixth Circuit squarely has held that "the federal nature of the underlying claims submitted to arbitration does not confer federal question jurisdiction over a suit to confirm an arbitration award since the rights asserted 'are actually based on the contract to arbitrate rather than on the underlying substantive claims.'" *WJBK-TV*, 164 F.3d at 1007-08 (quoting *Detroit Pension Fund v. Prudential Sec., Inc.*, 91 F.3d 26, 29 (6th Cir. 1996) (addressing jurisdiction over suit to confirm NASD arbitration)).  *See also Smith Barney, Inc.*

*v. Sarver*, 108 F.3d 92, 94 (6th Cir. 1997) (same); *Collins*, 103 F.3d at 38; *Ford v. Hamilton Investment, Inc.*, 29 F.3d 255, 257-59 (6th Cir. 1994) (same).

Respondents have cited no alternate basis for subject matter jurisdiction. Therefore, under clearly established Sixth Circuit authority, this Court lacks subject matter jurisdiction over both the original petition for confirmation of the arbitration award and Respondents' petition to vacate the arbitration award. Accordingly,

**IT IS ORDERED** that Petitioners' motions to remand (docket ## 6, 21) are **GRANTED**.

**IT IS FURTHER ORDERED** that Petitioners' request for an award of costs and attorney fees pursuant to 28 U.S.C. § 1447(c) is denied without prejudice pending the filing of a renewed motion for costs and fees supported by evidence as to actual costs and fees incurred by Petitioners as the result of the removal.

**IT IS FURTHER ORDERED** that the Clerk shall mail a certified copy of the instant order of remand to the Branch County Circuit Court, in accordance with 28 U.S.C. § 1447(c).

Date:   September 30, 2005         /s/ Robert Holmes Bell
                                   ROBERT HOLMES BELL
                                   CHIEF UNITED STATES DISTRICT JUDGE